IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHN RIOS RIVERA, et al., | |
| Plaintiffs, | |
| v. | CIVIL NO.: 15-2080 (MEL) |
| DR. LUIS BOINILLA GONZALEZ, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Pending before the court is a motion for partial summary judgment by Doctor's Center Hospital. ECF No. 73. This matter concerns the viability of a plaintiff's cause of action for the inherited pain and suffering of a decedent when other members of the estate are not parties to the lawsuit. For the reasons that follow, the motion for partial summary judgment is granted, except to the extent that it requests dismissal with prejudice.

**I.      Factual and Procedural Background**

On August 10, 2015, John Ríos Rivera and John Ríos Santiago (hereafter "Plaintiffs") filed a complaint against Dr. Luis Bonilla González ("Dr. Bonilla"), Sindicato De Aseguradores Para La Suscripción Conjunta De Seguro De Responsabilidad Profesional Médico Hospitalaria ("SIMED"), Doctor's Center Hospital, Dr. Brenda Liz Loubriel Rivera, the Bonilla Díaz conjugal partnership, the "Moe" Loubriel conjugal partnership, and several generically named unknown defendants (hereafter "Defendants"). Plaintiffs are the widow husband and one of the sons of María Santiago Pino (hereafter "the Decedent"), who passed away on August 26, 2014. ECF No. 1 at ¶5; ECF No. 73 at pg. 1.  Plaintiffs seek to recover damages related to the medical treatment and death of the Decedent under article 1802 of the Puerto Rico Civil Code. P.R. Laws Ann. tit. 31 §§ 5141-5142, and claim damages related to their personal pain and suffering.

Plaintiff John Ríos Santiago also brings an inherited cause of action for the pain and suffering of the Decedent, known as a survivorship claim. On December 20, 2016, Doctor's Center Hospital filed a motion for partial summary judgment, moving to dismiss the survivorship claim on the grounds that that the survivorship claim belongs to the estate of the deceased, which is an indivisible unit, and for which each of the members of the estate is an indispensable party. ECF No. 73. As not all members of the Decedent's estate are part of the present case, Doctor's Center Hospital contends the survivorship claim should be dismissed for lack of indispensable parties. Id. The pending motion for partial summary judgment was subsequently joined by Dr. Bonilla. ECF No. 74. Plaintiffs filed a response in opposition. ECF No. 77. Doctor's Center Hospital filed a reply. ECF No. 80.

## II.    Discussion

The material facts are not in dispute. Plaintiff John Ríos Santiago, as the Decedent's son and heir, claims the Decedent's pain and suffering as part of his inheritance. Plaintiffs acknowledge that not all of the Decedent's heirs are parties to this lawsuit[1], but argue that the court should adopt the view that other heirs to a decedent's estate are not indispensable parties to a survivorship claim under Puerto Rico law.

Pursuant to Fed. R. Civ. P. 19 ("Rule 19"), a necessary party is one: "(1) without whom the court cannot accord complete relief; or (2) who claims an interest relating to the subject of the action and is situated such that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest; or (3) whose claimed interest in the subject of the action would leave defendants subject to substantial risk of incurring multiple or otherwise inconsistent obligations." Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamón, 728 F.Supp. 2d 14, 26-27 (D.P.R. 2010) (citing Fed. R. Civ. P. 19(a)). "If the

---

[1] Two of the Decedent's other heirs—Steven Ríos and Alex Ríos—are not parties to this lawsuit and claim their mother's pain and suffering as part of their inheritance in a state court case. ECF No. 73 at pg. 2 ¶4 and 5; ECF No. 77 at pg. ¶

2

court determines that someone is a necessary party under Rule 19(a) but one that cannot be feasibly joined, then the court proceeds under Rule 19(b) to determine 'whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'" Id. (citing Fed. R. Civ. P. 19(b); In re Cambridge Biotech Corp.,186 F.3d 1356, 1372 (Fed. Cir. 1999)). By way of the second inquiry, "the court determines whether or not the party is 'indispensable.'" Id.

As Plaintiffs note in their brief, the issue of whether all heirs must be joined as parties asserting a survivorship action under Puerto Rico law has been addressed in this district on several occasions, and the judges of the U.S. District Court for the District of Puerto Rico have reached differing conclusions. Some of the judges to have addressed the issue followed the position that all heirs to a decedent's estate are not indispensable parties. This position derives from the premise that any judgment in favor of one or more of the heirs benefits all other heirs to the estate, while any adverse judgment is only prejudicial to the individual or individuals who filed the lawsuit. See Arias-Rosado v. Gonzalez Tirado, 111 F. Supp. 2d 96, 99 (D.P.R. 2000) (Gierbolini, J.); see also Rodriguez-Rivera v. Rivera Rios, No. CIV 06-1381(SEC), 2009 WL 564221, at *3 (D.P.R. Mar. 5, 2009) (Casellas, J.); Ruiz-Hance v. Puerto Rico Aqueduct & Sewer Auth., 596 F. Supp. 2d 223, 230 (D.P.R. 2009) (Pérez-Giménez, J).

The court in Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamon, 728 F. Supp. 2d 14, 28–29 (D.P.R. 2010), found this reasoning unpersuasive, noting that even without direct preclusive effect, "an adverse judgment could be 'persuasive precedent in a subsequent proceeding, and would weaken [the absent party's] bargaining position for settlement purposes.'" Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamon, 728 F. Supp. 2d 14, 28–29 (D.P.R. 2010) (Besosa, J.) (quoting Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 16 (1st Cir.2008)). Cruz-Gascot also emphasized that "settlement of the case may entail an act of alteration of the inheritance because

3

it may entail reducing the amount of the damages inherited." Noting that an act of alteration under Puerto Rico property law requires the unanimous consent of the owners, the Cruz-Gascot court concluded that the survivorship action could not proceed without joinder of the other heirs. Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamón, 728 F. Supp. 2d 14, 25, 31 (D.P.R. 2010). This view has subsequently been followed by other judicial officers in this district, including the undersigned. See Betancourt v. United States, No. CIV. 12-1326 MEL, 2014 WL 5846745, at *1 (D.P.R. Nov. 12, 2014); Pagán-Ortiz v. Carlo-Domínguez, 977 F. Supp. 2d 106, 107 (D.P.R. 2013) (Gelpí, J.).

The First Circuit has not decisively ruled on the matter, but has noted that it "harbor[s] considerable skepticism" as to whether non-diverse heirs are indispensable parties to a survivorship claim under Rule 19. Jiménez v. Rodríguez-Págan, 597 F.3d 18, 23 (1st Cir. 2010). The First Circuit cited to cases that held such heirs were not indispensable parties, stating: "[t]aking these cases at face value, as the plaintiffs urge us to, it appears that the federal suit here is something of a free shot for the non-diverse heirs. Success inures to their benefit while failure is costless." Jiménez, 597 F.3d at 26. Nevertheless, the First Circuit decided that it was unprepared to decide that question, especially because it could decide the case on different grounds. Id. at 27. Concluding that it was "ill equipped" to rule on this matter of Puerto Rico law, the First Circuit noted the tension that would result if plaintiffs in a federal court action secured some monetary damages, but less than the full amount they sought, inquiring: "[d]oes that constitute a successful judgment sufficient to bind the non-diverse heirs . . . or is it instead an adverse judgment that would leave those heirs free to double down in the second suit?" Jiménez, 597 F.3d at 27. In sum, the First Circuit in Jiménez acknowledged that it lacked a sufficient basis for resolving the matter at that time, identifying the bases for its uncertainty. Id. at 25-27.

4

In the absence of a binding resolution to the split of authority, the more persuasive view is that other heirs are indispensable parties to a survivorship action. The reasoning employed in Cruz-Gascot is incorporated by reference into this opinion and order. Specifically, the court agrees with the conclusions drawn in that case that a lawsuit brought by only one or some of the heirs could prejudice the rights of others in the succession, rendering such parties necessary to the survivorship action. See Cruz-Gascot, 728 F.Supp. 2d at 24-25.

Because the Decedent's other heirs (Alex and Steven Ríos) are necessary parties to Plaintiff John Ríos Santiago's claim for inherited pain and suffering, the next question is whether they can be feasibly joined pursuant to Rule 19. Neither party has addressed this matter in their respective briefs. Nevertheless, there is a reasonable inference that Alex and Steven Ríos cannot be feasibly joined. A significant portion of cases in which heirs have been found to be necessary parties to a survivorship lawsuit have been dismissed on the basis that the joinder of the additional party would destroy complete diversity. See e.g, Pagán-Ortiz, 977 F.Supp. 2d 106; Pino Betancourt v. Hosp. Pavia Santurce, 928 F.Supp. 2d 393, 396 (D.P.R. 2013); Cruz-Gascot, 728 F.Supp. 2d 14. [2]

In this case, federal jurisdiction is premised on the fact that Plaintiffs are domiciled in the state of Florida, while all Defendants are domiciled in Puerto Rico or in another state other than Florida. Although the parties are silent as to the domicile of the other heirs, Alex and Steven

---

[2] Federal courts are courts of limited jurisdiction. See U.S. Const. Art. III, § 2 (enumerating the types of actions subject to the federal judicial power); Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinée, 456 U.S. 694, 701 (1982) ("Subject-matter jurisdiction . . . functions as a restriction on federal power, and contributes to the characterization of the federal sovereign."). Their power is strictly circumscribed by Article III of the Constitution and by statute. Lower federal courts may only preside over the specific types of actions that Congress has empowered them to adjudicate. See U.S. Const. Art. III, § 1; 28 U.S.C. §§ 1330-1369. To invoke federal diversity jurisdiction, the controversy must be between citizens of different states and involve a sum greater than $75,000. 28 U.S.C. § 1332(a)(1)."[W]hen federal jurisdiction is based on diversity of citizenship, complete diversity must exist between the adverse parties in the action." Arias-Rosado v. Gonzalez Tirado, 111 F. Supp. 2d 96, 98 (D.P.R. 2000). Puerto Rico is included within the definition of "state" for diversity jurisdiction purposes. 28 U.S.C. § 1332(e).

Ríos allege in their commonwealth court complaint that they are residents of Puerto Rico.[3] ECF 85-1 at ¶¶ 1 and 2. In the absence of any expression by Plaintiffs as to the domicile of the Decedent's other heirs, the court concludes that joining them to the present lawsuit is not feasible. As the Decedent's other heirs are indispensable parties, Plaintiff John Rios Santiago's survivorship claim cannot proceed.

### III.     Conclusion

For the foregoing reasons, the Doctor's Center Hospital's and Dr. Bonilla's motion for partial summary judgment (ECF No. 73) is GRANTED, except to the extent that it requests dismissal with prejudice. Plaintiff John Ríos Santiago's inherited cause of action for the pain and suffering of the Decedent is hereby DISMISSED WITHOUT PREJUDICE. Plaintiffs' causes of action for their own pain and suffering survive.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 31st day of March, 2017.

s/Marcos E. López<br>
U.S. Magistrate Judge

---

[3] For diversity purposes, a person is a citizen in the state in which he is domiciled. Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 49 (1st Cir. 1992). Although the concepts of residency and domicile are distinct, residence is probative of domicile. See Id.